UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANTEJ SINGH,<br><br>       Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of the<br>Plymouth County Correctional Facility,<br><br>       Respondent. | Civil Action No. 19-cv-12337-ADB |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Mantej Singh ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on November 13, 2019, [ECF No. 1], seeking relief from a final order of removal on the grounds that it violates the Administrative Procedures Act, the Immigration and Nationality Act, and the Suspension Clause, and from detention on the grounds that it bears no reasonable relationship to any legitimate purpose, [ECF No. 24 ¶¶ 28–38 ("Am. Compl.")]. Presently before the Court is Superintendent Antone Moniz's ("Respondent") motion to dismiss. [ECF No. 14].[1]  For the reasons set forth below, Respondent's motion to dismiss, [ECF No. 14], is DENIED.

---

[1] Petitioner filed an amended complaint on December 12, 2019. [ECF No. 24]. Respondent expressed his intent to rest on the papers submitted in connection with his motion to dismiss the initial complaint, stating that Petitioner had not raised any new claims for relief in the amended complaint. [ECF No. 32 at 1].

## I. BACKGROUND

### A. Procedural Background

Petitioner left India in late 2018, when he was twenty years old, and entered the United States without inspection by way of Mexico in late November or early December 2018.[2] [Am. Compl. ¶¶ 4, 18]. He was arrested for making an unlawful entry and on January 2, 2019, he was placed in removal proceedings. [Id. ¶ 4]. Petitioner applied for asylum and an Immigration Judge denied his application on March 26, 2019. [Id.]. He appealed to the Board of Immigration Appeals ("BIA") but on August 22, 2019, the BIA entered a final order of removal affirming the immigration judge's denial of asylum. [Id. ¶ 20]. In September 2019, Petitioner filed a motion to remand and a motion for stay of removal with the Fifth Circuit. [Id.]. The Fifth Circuit denied his motion to stay removal on November 13, 2019. See [ECF No. 15 at 3].[3] The Court takes judicial notice of the Fifth Circuit's January 15, 2020, order denying Petitioner's motion for remand. See Order Denying Petition for Review of an Order of the Board of Immigration Appeals, Mantej Singh v. William P. Barr, No. 19-60679 (5th Cir. Jan. 15, 2020); Berrios-Romero v. Estado Libre Asociado De P.R., 641 F.3d 24, 27 (1st Cir. 2011) ("A decision of a sister court is a proper matter of judicial notice.").

On November 12, 2019, Petitioner filed a motion to reopen and a motion to stay removal with the BIA. [Am. Compl. ¶ 4]. On December 2, 2019, the BIA denied Petitioner's motion to stay removal pending its decision on his motion to reopen. [ECF No. 21-1]. Petitioner's motion to reopen is still pending with the BIA.

---

[2] The Amended Complaint provides two different dates of entry. See [Am. Compl. ¶ 4 (December 8, 2018); id. ¶ 18 (November 26, 2018)].

[3] This information is drawn from Respondent's memorandum of law in support of its motion to dismiss. See [ECF No. 15].

On November 13, 2019, Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, [ECF No. 1], as well as a motion for preliminary injunction, [ECF No. 3]. On November 29, 2019, Respondent filed a motion to dismiss, [ECF No. 14], which also served as its opposition to Petitioner's motion for preliminary injunction. Respondent simultaneously filed notice of its intent to remove Petitioner by December 3, 2019. [ECF No. 13]. The Court ordered Respondent not to remove Petitioner from the District of Massachusetts until the Court could resolve the jurisdictional issues raised by Respondent's motion to dismiss. [ECF No. 16]. The Court held a hearing on the jurisdictional issues raised by Respondent on December 4, 2019, but reserved judgment on the matter. [ECF No. 19].

On December 12, 2019, Petitioner filed his opposition to the motion to dismiss. [ECF No. 22]. On December 13, 2019, Respondent filed its reply. [ECF No. 28]. On December 18, 2019, the Court issued an Order denying Petitioner's motion for a preliminary injunction and staying his removal or deportation until the Court issued a decision on Respondent's motion to dismiss. [ECF No. 30]. On January 13, 2020, Respondent filed a motion to vacate the Order staying removal or deportation or, in the alternative, requesting expedited consideration of its motion to dismiss. [ECF No. 35]. On January 24, 2020, the Court granted the motion in part by consenting to expedite its consideration on the motion to dismiss while denying Respondent's request to lift the stay. [ECF No. 37].

**B.  Factual Background**

The following facts are drawn from the Amended Complaint, the well-pleaded allegations of which are taken as true for the purposes of evaluating the motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). In reviewing a motion to

dismiss, the Court may "consider whatever evidence has been submitted, such as the depositions and exhibits submitted." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

Petitioner, a native of India, became a member of the Rastriya Lok Dal party ("RLD") in December 2017. [ECF No. 15-1 at 1 ("BIA Appeal")]. The BIA's August 22, 2019, Order on Petitioner's appeal of the Immigration Judge's ("IJ") denial of asylum stated that the IJ found Petitioner credible regarding his membership in the RLD. [Id.]. Petitioner is also a member of the Sikh religion, members of which "are a target of persecution and murder" by India's Bharatiya Janata Party ("BJP"). [ECF No. 24-1 at 2 ("CA Findings")[4]; BIA Appeal at 2]. At his hearing before the IJ in March 2019, Petitioner testified that he was attacked by members of the BJP on two separate occasions in 2018, both of which resulted in the need for medical attention. [BIA Appeal at 2]. The first attack occurred in August 2018, when Petitioner returned home from an RLD event and encountered members of the BJP. [Id.]. When Petitioner refused their demands to join their party and sell drugs for them, the BJP members began "slapping, punching, and kicking him." [Id.]. A doctor treated Petitioner for bruising, swelling, and abrasions. [Id.]. Petitioner and his father reported the incident to police, who refused to accept a complaint that implicated members of the BJP. [Id.].

The second attack, in October 2018, also occurred when Petitioner was returning home from an RLD event. [BIA Appeal at 2]. BJP members threatened to kill him if he did not leave the RLD party, join the BJP, and sell drugs for them. [Id.]. They beat him so severely that, after seeking medical treatment, Petitioner was advised to rest for ten days. [Id.]. The IJ found that,

---

[4] On December 5, 2019, the Superior Court of California, County of Riverside entered its findings in support of Petitioner's application for Special Immigrant Juvenile Status. [ECF No. 24-1].

though Petitioner had established a subjective fear of persecution, he had failed to establish an objective fear of persecution. [Id.]. As a result of that finding, the IJ determined that Petitioner was not entitled to a presumption that he maintained a well-founded fear of future persecution, despite his testimony regarding the BJP members' death threats during his October 2018 beating. [Id.]; 8 U.S.C. § 1208.13 (b) (listing requirements for establishing past persecution and well-founded fear of future persecution).

Petitioner fled India in late 2018. [Am. Compl. ¶¶ 4, 18]. After learning that he had left the country, members of the BJP party threatened Petitioner's family, telling them that they would kill Petitioner if he ever returned to India. [CA Findings at 3]. While his appeal with the BIA was pending, Petitioner learned that his father had been murdered on June 4, 2019, in India, [Am. Compl. ¶ 17; ECF No. 22 at 3], when members of the BJP party beat his father to death with sticks, [CA Findings at 3]. After his appeal with the BIA was denied on August 22, 2019, and as a result of the change of circumstances regarding his father's murder, Petitioner filed a motion to reopen removal proceedings, as well as a stay of removal, with the BIA on November 12, 2019. [ECF No. 22 at 3]. In addition, Petitioner retained new counsel, who determined that Petitioner was eligible for Special Immigrant Juvenile Status ("SIJS") under 8 U.S.C. § 1101(a)(27)(J). [Am. Compl. ¶ 21].

Petitioner was previously unaware of his eligibility for SIJS. [Am. Compl. ¶¶ 5, 21]. He states that the IJ failed to notify him that he qualified for this status, and that this was contrary to the IJ's obligation to notify individuals of all available forms of relief. [Id. ¶ 5 (citing Matter of Cordova, 22 I&N Dec. 966 (BIA 1999))]; see 8 C.F.R. § 1240.11(a)(2) ("The immigration judge shall inform the alien of his or her apparent eligibility to apply for any of the benefits enumerated in this chapter and shall afford the alien an opportunity to make application during the hearing

5

. . . ."). In connection with his SIJS application, the Superior Court of California, County of Riverside appointed Petitioner's uncle, Sukhpal Singh, as his guardian. [CA Findings at 5].[5]

## II.     DISCUSSION

Petitioner alleges that his removal prior to the BIA's adjudication of his motion to reopen is in violation of the Administrative Procedures Act, the Immigration and Nationality Act, and the Suspension Clause. [Am. Compl. ¶¶ 28–32]. In addition, he argues that his detention is unconstitutional and that his removal (presumably at any time, not just prior to adjudication of his motion to reopen) violates the Suspension Clause. [Id. ¶¶ 33–36; 37–38].

Respondent states two grounds for dismissal: 1) the Court lacks subject matter jurisdiction to hear Petitioner's request or to grant the relief requested; and 2) Petitioner has failed to state a claim of unlawful detention upon which relief may be granted. [ECF No. 15 at 2]. Respondent does not cite the Federal Rules of Civil Procedure, but the Court construes the first ground as a Rule 12(b)(1) motion and the second as a Rule 12(b)(6) motion. See Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction); Fed. R. Civ. P. 12(b)(6) (failure to state a claim for which relief may be granted).

### A.     LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus to individuals who successfully argue that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner has been in custody since December 13, 2018. [ECF No. 15 at 2 n.2]. Petitions under § 2241 are not limited to individuals seeking release from custody or detention; as "the Supreme Court itself has pointed out . . . the writ was

---

[5] The Superior Court of California's findings note that Petitioner's uncle "loves [Petitioner] like a son and he wants to take care of all of his needs and provide him with the best future possible." [CA Findings at 3].

historically used in a wide variety of circumstances . . . ." Devitri v. Cronen, 289 F. Supp. 3d 287, 293 n.9 (D. Mass. 2018) (citing I.N.S. v. St. Cyr, 533 U.S. 289, 301–03, 305–06 (2001)).

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must determine whether the facts alleged in the complaint, "taken at face value," support subject-matter jurisdiction. Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). The Court must "accept the factual averments of the complaint as true, and construe those facts in the light most congenial to [Petitioner's] cause." Royal v. Leading Edge Prods., Inc., 833 F.2d 1, 1 (1st Cir. 1987). "Dismissal can be justified only if it clearly appears that no colorable hook exists upon which subject matter jurisdiction can be hung." Id. "The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).

To evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)). The complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," id. (quoting Fed. R. Civ. P. 8(a)(2)), and should "contain 'enough facts to state a claim to relief that is plausible on its face,'" id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Finally, although the Court generally limits its review of facts and documents to those that are part of the complaint, there are exceptions "for official public records; for documents

central to [petitioner's] claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

### B. LACK OF SUBJECT MATTER JURISDICTION

Respondent contends that Petitioner can only challenge his removal before an immigration judge, the BIA, or the appropriate federal circuit court of appeals. [ECF No. 15 at 5]. Petitioner counters that he is not challenging the order of removal or discretionary decisions of the Attorney General but is instead challenging "the deprivation of his ability to have time to pursue a legalization process." [ECF No. 22 at 7]. Petitioner seeks time to complete his efforts to reopen his case with the BIA and to obtain Special Immigrant Juvenile Status before he is removed and is no longer able to pursue these legalization options. [Id. at 2]. In addition, Petitioner states that, in light of the harm he experienced and the recent murder of his father, being removed to India will result in "extreme and irreversible" harm. [Id. at 13].

In support of its argument that the Court lacks subject matter jurisdiction, Respondent cites to 8 U.S.C. § 1252, which states, "[t]he petition for review [of an order of removal] shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); [ECF No. 15 at 5]. That statute also states that "[e]xcept as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 . . . or any other habeas corpus provision, . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact." 8 U.S.C. § 1252(b)(9). Respondent also alleges that the Court lacks jurisdiction to consider the appropriateness of ICE's decision to execute Petitioner's removal order due to § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders

against any alien under this Act." 8 U.S.C. § 1252(g); [ECF No. 15 at 6]. As a result, Respondent argues that the Court lacks jurisdiction to consider the removal order itself as well as the Department of Homeland Security's ("DHS") decision to execute the removal order. [ECF No. 15 at 6].

The First Circuit has described the limitations § 1252(b)(9) places on the scope of judicial review as "vise-like." Aguilar v. U.S. I.C.E. Div. of the Dep't of Homeland Sec., 510 F.3d 1, 9 (1st Cir. 2007). The First Circuit observed,

> The reach of section 1252(b)(9) is not limited to challenges to singular orders of removal or to removal proceedings simpliciter. By its terms, the provision aims to consolidate "*all* questions of law and fact" that "arise from" either an "action" or a "proceeding" brought in connection with the removal of an alien. See 8 U.S.C. § 1252(b)(9). Importantly, the statute channels federal court jurisdiction over "such questions of law and fact" to the courts of appeals **and explicitly bars all other methods of judicial review, including habeas**.

Aguilar, 510 F.3d at 9 (emphasis added in bold). Likewise, § 1252(g) has been found to bar "'any cause or claim' that arises from executing a removal order." Candra v. Cronen, 361 F. Supp. 3d 148, 156 (D. Mass. 2019) (quoting 8 U.S.C. § 1252(g)).

Petitioner claims that § 1252 is unconstitutional if it strips district courts of authority to hear habeas cases as provided under the Suspension Clause. [ECF No. 22 at 11]. The right to challenge one's detention is guaranteed by the Constitution's Suspension Clause, which states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Congress may not suspend the availability of the writ, but it may, "without raising any constitutional questions, provide an adequate substitute through the courts of appeals." St. Cyr, 533 U.S. at 314 n.38. That substitute, however, must be "neither inadequate nor ineffective to test the legality of a person's detention." Swain v. Pressley, 430 U.S. 372, 381 (1977).

A motion to reopen "is an important safeguard intended to ensure a proper and lawful disposition of immigration proceedings." See Perez Santana v. Holder, 731 F.3d 50, 53 (1st Cir. 2013) (internal quotation marks omitted) (quoting Kucana v. Holder, 558 U.S. 233, 242 (2010). The right to pursue a motion to reopen is provided by statute. 8 U.S.C. § 1229a(c)(7)(a); Devitri, 289 F. Supp. 3d at 291 ("Congress created a statutory right for each alien to file a motion to reopen immigration proceedings.").

Ordinarily, a party that has filed a motion to reopen with the BIA can pursue their motion from outside of the United States, making the process an "adequate substitute" for habeas relief. See Perez Santana, 731 F.3d at 61 (holding that "the post-departure bar cannot be used to abrogate a noncitizen's statutory right to file a motion to reopen"). As several other courts within this circuit have recognized, however, the motion to reopen process

> may not constitute an adequate substitute where the petitioner (1) could be removed before the motion is adjudicated, and (2) has a credible fear of persecution or torture in the country of removal, such that he may not have an opportunity to file or have adjudicated a post-removal motion to reopen.

Hussein v. Strafford Cty. Dep't of Corr., No. 18-cv-273, 2018 U.S. Dist. LEXIS 82405, *13 (D.N.H. May 16, 2018); Devitri, 289 F. Supp. 3d at 294 (finding that BIA's process for adjudicating a motion to reopen was not an adequate alternative to habeas where petitioner alleged risk of harm if removed); see also Jimenez v. Nielson, 334 F. Supp. 3d 370, 385 (D. Mass. 2018) (finding that BIA's process for adjudicating applications for provisional waivers was not adequate alternative to habeas).

In Hussein v. Strafford Cty. Dep't of Corr., the District of New Hampshire denied a motion to dismiss a § 2241 petition where petitioner had filed a motion to reopen and was threatened with removal while waiting for a decision from the BIA. 2018 U.S. Dist. LEXIS 82405, at * 1–2. In his petition, Hussein, a native of Somalia, alleged that if removed to Somalia

he would face torture or death by members of a fundamentalist group. Id. at *4–5. The Court found that Hussein had "raised a colorable claim that the jurisdiction-divesting provisions of § 1252 violate the Suspension Clause as applied to him, and that this court has jurisdiction to resolve that question." Id. at *17.

In Devitri v. Cronen, Judge Saris granted a preliminary injunction preventing removal of petitioners who were being threatened with removal prior to their ability to file motions to reopen. 289 F. Supp. 3d at 290. Petitioners alleged that removal to their native Indonesia would expose them to a risk of "intimidation, physical harm, and threats to their personal safety and well-being" due to their religious beliefs. Id. at 291 (quoting affidavit of petitioners' expert). Finding that the court had jurisdiction to consider the petition, Judge Saris observed that, "under this Kafkaesque procedure, [petitioners] will be removed back to the very country where they fear persecution and torture while awaiting a decision on whether they should be subject to removal because of their fears of persecution and torture." Id. at 294.

In Gomes v. Smith, the petitioner had a final order of removal pending, as well as a motion to reopen with the BIA. 381 F. Supp. 3d 120, 122 (D. Mass. 2019). Unlike Hussein or Devitri, however, the petitioner did not allege that he would be at risk of harm if removed to his home country. See id. at 123 (distinguishing Devitri). Judge Gorton found that petitioner had not alleged facts sufficient to establish a due process claim to remain in the United States while his administrative proceedings were pending. Id. Accordingly, Judge Gorton granted Respondent's motion to dismiss for lack of subject matter jurisdiction. Id. at 124.[6] The facts in

---

[6] Respondent also cites Julce v. Smith, No. 18-cv-10163, 2018 U.S. Dist. LEXIS 31510, at *12 (D. Mass. Feb. 27, 2018), in support of its motion to dismiss. [ECF No. 28 at 3; ECF No. 20 at 2]. This case is also distinguishable from Petitioner's situation, as the petitioner in Julce did not have a pending motion to reopen with BIA. Julce, 2018 U.S. Dist. LEXIS 31510, at *10. In addition, the petitioner in Julce did not allege harm beyond the possibility that, as a deportee with

Gomes are distinguishable here, where Petitioner has alleged a risk of harm if he is removed to India.

In December 2019, Respondent notified the Court of DHS's intent to remove Petitioner by December 3, 2019. [ECF No. 13]. In a recent filing, the DHS restated its intent to imminently remove Petitioner. [ECF No. 35]. The Court therefore finds that DHS could remove Petitioner before the BIA reaches a final decision on his motion to reopen. The IJ found that Petitioner established a subjective fear of persecution due to attacks by the BJP. [BIA Appeal at 2]. In addition, the Superior Court of California, County of Riverside found that "[i]t is not in [Petitioner's] best interest to return to India" because of the risk of harm he faces from BJP members, as evidenced in part by the BJP's recent murder of Petitioner's father. [CA Findings at 3].

In light of Petitioner's showing that he faces a serious threat of harm should he be removed to his native India, this is not a case in which "no colorable hook exists upon which subject matter jurisdiction can be hung." Royal, 833 F.2d at 1. Petitioner has raised a colorable claim that his removal prior to the adjudication of his motion to reopen would violate the Suspension Clause. See Devitri, 289 F. Supp. 3d at 295; Hussein, 2018 U.S. Dist. LEXIS 82405, at *17. Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction, [ECF No. 14], is <u>DENIED</u>.

### C.   FAILURE TO STATE A CLAIM OF UNLAWFUL DETENTION

Respondent argues that Petitioner has failed to allege that his detention is unlawful as it has not exceeded the time limits the Supreme Court established in Zadvydas v. Davis, 533 U.S.

---

a criminal record, he might be incarcerated in his home country and subjected to unsanitary conditions. Id. at *2.

678, 701 (2001) (six months' detention presumptively reasonable period of post-final order detention prior to removal). [ECF No. 15 at 4]. While this may be true, Petitioner alleges that his detention does not comport with Due Process and does not object to his detention solely on the basis that it exceeds a reasonable duration. [Am. Compl. ¶¶ 33–36]. Respondent has failed to sufficiently argue grounds for dismissal under 12(b)(6). As a result, Respondent's motion to dismiss for failure to state a claim, [ECF No. 14], is DENIED.

### III.   CONCLUSION

Petitioner has raised a colorable claim that removal prior to the adjudication of his motion to reopen would violate the Suspension Clause due to the risk of harm he is likely to face if he is returned to India. Accordingly, Respondent's motion to dismiss Petitioner's petition and amended complaint, [ECF No. 14], is DENIED. In addition, the Court orders that Petitioner's removal is stayed during the pendency of this action.

**SO ORDERED.**

February 5, 2020                                    /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE